**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William J. Howard, et al., | No. CV12-0952-PHX DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| JPMorgan Chase Bank, N.A. (successor in interest to Washington Mutual Bank), et al., | |
| Defendants. | |

Plaintiffs allege that they had two loans with Defendant JPMorgan Chase Bank, Loan Numbers 0060642105 ("2105 loan") and 770429488 ("9488 loan"), secured by property in Williams, Arizona ("Property"). Doc. 1-1 at 21. In late 2009, Plaintiffs began attempting to modify one or both of these loans under the Home Affordable Modification Program ("HAMP"). *Id*. According to Plaintiffs, Defendant Chase Home Finance granted forbearance on the 2105 loan in January 2010 ("January 2010 Forbearance") and modification of the 9488 loan in May 2010 ("May 2010 Modification"). *Id*. Plaintiffs allege that they continued to fulfill the terms of the January 2010 Forbearance and May 2010 Modification through 2010, during which time they routinely communicated with Defendants JPMorgan Chase Bank and Chase Home Finance, LLC (Collectively "Mortgage Defendants") regarding errors in the HAMP loan modification process. Doc. 1-1 at 21, 22. On or about August 20, 2010, Mortgage Defendants sold the Property at a trustee's sale to Defendant Homesales, Inc. Doc. 1-1 at 22.

Plaintiffs commenced this action by filing a pro per complaint in Maricopa County Superior Court alleging breach of contract, negligent misrepresentation, fraud, and conversion.

Doc. 1-1 at 19-28. Plaintiffs also requested a temporary restraining order enjoining Defendants from removing Plaintiffs' personal property from the Property. Doc. 1-1 at 2-18. The temporary restraining order was denied by the Superior Court. Doc. 1-1 at 31-32. Defendants removed the case to this Court and moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docs. 1, 8. After the time to file a response had expired, Defendants filed a motion for summary ruling. Doc. 9. The Court granted Plaintiffs an extension to respond, which Plaintiffs timely satisfied, and Defendants replied. Docs. 10-12. No party has requested oral argument. For the reasons that follow, the Court will grant Defendants' motion to dismiss with leave to amend.

**I.  Legal Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand detailed factual allegations, but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**II.  Analysis.**

**A.  Breach of Contract.**

To state a breach of contract claim, "the complaint must allege an agreement, the right to seek relief, and breach by the defendant." *Commercial Cornice & Millwork, Inc. v. Camel Constr. Servs. Corp.*, 739 P.2d 1351, 1355 (Ariz. Ct. App. 1987) (citing *City of Tucson v. Superior Ct.*, 569 P.2d 264 (Ariz. Ct. App. 1977)). Plaintiffs allege that the parties entered into a Promissory Note, a Deed of Trust, a January 2010 Forbearance, and a May 2010 Modification.[1]

---

[1] Plaintiffs also refer to a "Loan Modification Agreement" and an "extended or renewed agreement," but provide no further details about these agreements or whether they are distinct from other agreements mentioned in the complaint. Doc. 1-1 at 23.

Doc 1-1 at 21.

It is unclear from Plaintiffs' complaint whether they are alleging that Defendants breached an existing contract or merely declined to modify the original Promissory Note and Deed of Trust in response to Plaintiffs' HAMP modification request. If Plaintiffs intend to allege that Defendants breached an existing contract, they have failed to clearly identify the contract or contracts breached, the provisions of those contracts that were breached, or which Defendants were parties to the contracts and committed the breach. Plaintiffs' amended complaint must plead sufficient facts to establish the existence of a contract, identify the specific provision(s) breached, and identify the Defendant who allegedly committed the breach.

If Plaintiffs intend to allege that Defendants declined to modify the original Promissory Note and Deed of Trust in response to Plaintiffs' HAMP modification request, Plaintiffs are advised that the HAMP law does not obligate Mortgage Defendants to grant a loan modification or other foreclosure alternatives. *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1122 (D. Ariz. 2011) ("Even assuming that the [HAMP] guidelines suggest that lenders provide foreclosure alternatives to their debtors, there is no authority for the proposition that HAMP or its regulations or guidelines create a private right of action against lenders who begin foreclosure without providing such alternatives.").

Plaintiffs further allege that Defendants violated the implied covenant of good faith and fair dealing, but do not identify either the specific contracts or the specific provisions within those contracts with respect to which Defendants allegedly breached the implied covenant. Nor do they state precisely how Defendants breached the implied covenant.

Given these deficiencies in the complaint, Plaintiffs have failed to plead a viable cause of action for breach of contract or breach of the covenant of good faith and fair dealing.

**B.    Negligent Misrepresentation.**

A claim for negligent misrepresentation must meet the particularity requirements of Rule 9(b). *Gould v. M & I Marshall & Isley Bank*, 860 F. Supp. 2d 985, 988 (D. Ariz. 2012); *see also Sweeney v. Darricarrere,* No. 2:09–cv–00266 JWS, 2009 WL 2132696, at *12 n. 109 (D.Ariz. July 14, 2009) ("It is well established in the Ninth Circuit that both claims for fraud and

negligent misrepresentation must meet Rule 9(b)'s particularity requirements.") (quoting *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1141 (C.D.Cal.2003)). Under Rule 9(b), Plaintiffs "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."); *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Rule 9(b) "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."). Plaintiffs fail to meet this burden.

Plaintiffs allege that Mortgage Defendants misled them into believing that Mortgage Defendants "would continue to accept the terms" and would not proceed with a trustee's sale of the Property. Doc. 1-1 at 23. The implication of this allegation is that one or more of Mortgage Defendants' representatives made statements to Plaintiffs indicating that the loan had been modified and a trustee's sale would not occur. Plaintiffs fail, however, to identify who made these alleged misstatements or when, where, and how they were made. Plaintiffs also do not clearly indicate which specific contractual provisions they were misled into believing Mortgage Defendants would continue to accept. Plaintiffs do not comply with Rule 9(b), and thus have not stated a claim for negligent misrepresentation.

### C.    Fraud.

Plaintiffs allege fraud on the part of Defendants, citing the Arizona Consumer Fraud Act ("ACFA"), A.R.S. § 44-1521 *et seq.* Defendants respond that Plaintiffs' claim under the ACFA accrued by August 20, 2010, and is therefore barred by the statute of limitations. Doc. 8 at 5, 7.

Arizona courts apply the discovery rule, *Anson v. Am. Motors Corp.,* 747 P.2d 581, 587 (Ariz.App.1987), under which a cause of action does not accrue and the statute of limitations does not begin to run until the plaintiff knows or should know with reasonable diligence the facts underlying the defendant's wrongful conduct that caused an injury. *Kennedy v. Chase Home Fin., LLC,* CV11-8109-PCT-DGC, 2012 WL 1132785 (D.Ariz. Apr. 4, 2012) (citing *Cannon v.*

*Hirsch Law Office, P.C.,* 213 P.3d 320, 330–31 (Ariz.App.2009)).  "[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Iablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980) (citing *Graham v. Taubman,* 610 F.2d 821 (9th Cir.1979)).  Even if the relevant dates in the complaint are beyond the statutory period, however, the "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte,* 138 F.3d 393, 402 (9th Cir.1998) (quoting *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1206 (9th Cir.1995)); *see Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993).

It is not apparent from the face of the complaint that Plaintiffs' fraud claim is time barred. Plaintiffs' claim did not necessarily accrue on the date of the trustee sale because Plaintiffs may not have realized they were defrauded until after August 20, 2010.  The date Plaintiffs became aware of Defendants' alleged fraudulent actions constitutes a factual issue that cannot be resolved at the pleading stage.  Because it does not appear beyond doubt that Plaintiffs can prove no set of facts that would establish the timeliness of their claim, the Court will deny Defendants' motion to dismiss on statute of limitations grounds.

Plaintiffs' claim under the AFCA is, however, an "averment of fraud" subject to Rule 9(b). *Gould*, 860 F. Supp. 2d at 990; *Sweeney*, 2009 WL 2132696, at *12 n. 109.  As with Plaintiffs' negligent misrepresentation claim, Rule 9(b) requires Plaintiffs to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber*, 806 F.2d at 1401.

Plaintiffs allege that Mortgage Defendants made false promises, misrepresentations, deception, and suppression or omission of material facts with the intent that Plaintiffs would rely on those misrepresentations, but provide no factual detail.  Absent sufficient factual allegations, Plaintiffs do not comply with Rule 9(b).  In their amended complaint, Plaintiffs must identify the specific content of the alleged misrepresentations, as well as when, where, how, and by whom those misrepresentations were made.

**D. Conversion.**

"Arizona has adopted the definition of conversion contained in the Restatement (Second) of Torts § 222A(1) (1965): an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Universal Mktg. & Enter., Inc. v. Bank One of Ariz., N.A.*, 53 P.3d 191, 193 ¶ 6 (Ariz. Ct. App. 2002) (citing *Focal Point*, 746 P.2d at 489). "The proper plaintiff in a conversion action is one 'who had the right to immediate possession of the chattel at the time of the alleged conversion.'" *Id.* (citing *Sears Consumer Fin. Corp.*, 802 P.2d at 1034).

Plaintiffs allege that Defendants converted Plaintiffs' personal property, but provide no factual allegations regarding the personal property that was taken, when it was taken, by whom it was taken, how Defendants allegedly gained improper access to the Property, or why Plaintiffs believe they had the right to possession of the personal property at the time of conversion. Absent such facts, Plaintiffs have not stated a plausible claim for conversion.[2]

**III.   Leave to Amend.**

In the Ninth Circuit, pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court will therefore dismiss Plaintiffs' complaint with leave to file an amended complaint. In their amended complaint, Plaintiffs must concisely set forth supporting facts relevant to each claim that are sufficient to state a plausible claim.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 8) is **granted** with leave to amend. Plaintiff shall file an amended complaint on or before **January 11, 2013**. The Court will dismiss this case without further order if Plaintiffs fail to file an amended complaint by that date.

---

[2] Defendants argue in their motion to dismiss that all Plaintiffs' claims were waived upon completion of the trustee's sale pursuant to A.R.S. § 33-811(C). Until Plaintiffs' claims are pled with more precision, the Court cannot analyze whether those claims are barred by A.R.S. § 33-811(C).

2. Defendants' motion for summary ruling (Doc. 9) is **denied** as moot.

Dated this 17th day of December, 2012.

_____
David G. Campbell
United States District Judge